RECEIVED
04/29/2025
KELLY L. STEPHENS, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

David Angel Sifuentes III
Plaintiff-Appellant

v.

Avvo Inc,
Defendant-Appellee

Case No: 25-1229

## MOTION FOR PAUPER STATUS

I move to waive the payment of the appellate filing fee under Fed. R. App. P. 24 because I am a pauper. This motion is supported by the attached financial affidavit.

The issues which I wish to raise on appeal are:

1). Appellent denied due process and the required form for consent or declination of a magistrate judge requiring automatice vacate, even though the court still referred a magisrate judge. 2).Disitrct Court abused discretion by not accepting Appellants notice declining jurisdiction of a magistarte judge. 3).The judgement is void due to juridictional defect the court did not provide the necessary consent or declination form of a magistarte judge even if the court still refers a magisatre judge appellant has a due process right to have guaranteed article III fairness even while a magistarte judge is refered by providing the form or accetping plaintiffs notice. 4). Restricted filer status must be vacted as the judgment is void and unconstitutional due to jurisdictional defect and failure to provide form.5). W.D. local rule 73.2 is unconstitutional and discriminates by automatically assigning magistarte judges without provding notice and the form, in the begining of the case which also violates the separation of powers doctrine to ensure article III jurisdiction even under the referral process.

Signed: _____   Date: April 29, 2025

Address: 439 More St. NE, Unit 2

Grand Rapids, MI 49503

United States Court of Appeals
FORM 4 - AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS
Updated: December 2018

Page 1

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**CASE NO. 25-1229**

DAVID ANGEL SIFUENTES, III,
Plaintiff-Appellant,

v.

AVVO, INC.,
Defendant-Appellee.
_____/

**MOTION IN SUPPORT OF APPLICATION TO PROCEED IN FORMA PAUPERIS, REQUEST FOR JUDICIAL NOTICE, AND MOTION TO VACATE JUDGMENT AND RELATED CASES AS VOID**

Appeal from the United States District Court for the Western District of Michigan
(Case No. 1:23-cv-01059)

Plaintiff-Appellant, David Angel Sifuentes, III, proceeding pro se, respectfully submits this motion in support of his Application to Proceed In Forma Pauperis (IFP) on appeal, previously submitted on or about April 29, 2025. Plaintiff-Appellant seeks leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure (FRAP) 24. Plaintiff-Appellant further requests this Court take judicial notice of specific docket entries and related proceedings pursuant to Federal Rule of Evidence (FRE) 201 and moves this Court to vacate the underlying judgment in this case and related cases as void under Federal Rule of Civil Procedure (FRCP) 60(b)(4). Plaintiff-Appellant asks this Court to liberally construe his pro se filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**I. BASIS FOR IFP STATUS**
- **Financial Status:** Plaintiff-Appellant relies on his previously submitted financial affidavit (Form 4), demonstrating his indigence and inability to pay court fees, as required by 28 U.S.C. § 1915(a)(1).

1

- **Non-Frivolous Grounds:** An action or appeal may proceed IFP if it presents a non-frivolous issue, meaning it involves "legal points arguable on their merits" (*Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983)) and has an "arguable basis either in law or in fact" (*Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Doubts should be resolved in favor of the petitioner (*Coppedge v. United States*, 369 U.S. 438, 447-48 (1962)). The grounds detailed below in Sections III and IV, concerning fundamental procedural and potential jurisdictional errors impacting the validity of the judgment, meet this standard.

## II. REQUEST FOR JUDICIAL NOTICE (Fed. R. Evid. 201)

Pursuant to FRE 201, Plaintiff-Appellant requests this Court take judicial notice of the official District Court docket sheet in the underlying case giving rise to this appeal (*Sifuentes v. Avvo, Inc.*, W.D. Mich. Case No. 1:23-cv-01059 or 1:22-cv-01201 ) and the dockets of the related cases listed below. Court dockets are public records properly subject to judicial notice. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

**A. Specific Notice Requested for Underlying Case:**
1. Any docket entry indicating a Magistrate Judge was referred the case.
2. Plaintiff-Appellant's filing explicitly declining jurisdiction of a magistrate judge (referenced as issue 2 in IFP Application ).
3. The complete absence on the docket of any entry indicating that the Clerk provided the parties with the written notice and consent/declination form mandated by FRCP 73(b)(1) regarding their opportunity to consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c).
4. The final judgment or order from which this appeal is taken.

B. Notice Requested for Related Cases: Plaintiff requests the Court also take judicial notice of the existence, procedural history, judicial assignments, and specific docket entries (or lack thereof) regarding FRCP 73(b)(1) notice in the following related cases involving Plaintiff-Appellant, as reflected on their respective dockets:
(List of cases from supp ifp sample 4-25-25.docx)

- *Sifuentes v. AT&T*, Case No. 1:23-cv-00834 (W.D. Mich.)
- *Sifuentes v. AT&T*, Case No. 1:24-cv-00519 (W.D. Mich.)
- *Sifuentes v. Avvo, Inc.*, Case No. 1:23-cv-01059 (W.D. Mich.)
- *Sifuentes v. Cellco Partnership*, Case No. 1:24-cv-00820 (W.D. Mich.)
- *Sifuentes v. Dave Inc.*, Case No. 1:23-cv-00984 (W.D. Mich.)
- *Sifuentes v. Dave Inc.*, Case No. 1:22-cv-01194 (W.D. Mich.)
- *Sifuentes v. Dell Technologies Inc.*, Case No. 1:24-cv-00844 (W.D. Mich.)
- *Sifuentes v. Laser Access LLC*, Case No. 1:23-cv-00144 (W.D. Mich.)
- *Sifuentes v. National Public Data*, Case No. 1:24-cv-00905 (W.D. Mich.)
- *Sifuentes v. Pluto TV*, Case No. 1:23-cv-01013 (W.D. Mich.)
- *Sifuentes v. Prelesnik et al.*, Case No. 1:24-cv-01044 (W.D. Mich.)
- *Sifuentes v. Progressive Michigan Insurance Company*, Case No. 1:24-cv-00884 (W.D. Mich.)
- *Sifuentes v. TruthFinder*, Case No. 1:23-cv-00187 (W.D. Mich.)
- *Sifuentes v. Twitter Inc.*, Case No. 1:23-cv-00981 (W.D. Mich.)
- *Sifuentes v. United States District Court Western District of Michigan*, Case No. 1:25-cv-00027 (W.D. Mich.)
- *Sifuentes v. Walmart Inc.*, Case No. 1:24-cv-00874 (W.D. Mich.)
- *Sifuentes v. Zoosk Inc.*, Case No. 1:22-cv-01170 (W.D. Mich.)
- *Sifuentes v. Twitter Inc.*, Case No. 1:22-cv-01128 (W.D. Mich.)
- *Sifuentes v. Adobe*, Case No. 1:23-cv-00143 (W.D. Mich.)
- *Sifuentes v. Adobe Inc.*, Case No. 1:23-cv-00842 (W.D. Mich.)
- *Sifuentes v. Avvo, Inc.*, Case No. 1:22-cv-01201 (W.D. Mich.)
- *Sifuentes v. State of Michigan*, Case No. 2:24-cv-10827 (E.D. Mich.)
- *Sifuentes v. Midland County 42nd Circuit Court, et al.*, Case No. 1:20-cv-11745 (E.D. Mich.)
- *Sifuentes v. Midland County Prosecutors Office et al.*, Case No. 2:20-cv-12907 (E.D. Mich.)
- *Sifuentes v. Pluto TV*, Case No. 1:23-cv-00101 (W.D. Mich.)
- *Sifuentes v. Preslesnik*, Case No. 1:03-cv-00637 (W.D. Mich.)
- *Sifuentes v. Wells Fargo & Co.*, Case No. 1:22-cv-01200 (W.D. Mich.)

- *Sifuentes v. Google Inc.*, Case No. 2:22-mc-50916 (E.D. Mich.)
- *Sifuentes v. Slickwraps*, Case No. 1:22-cv-01142
- *Sifuentes v. Advance Auto Parts, Inc.*, Case No. 1:24-cv-00873
- *Sifuentes v. Christian Brothers Automotive*, Case No. 1:23-cv-00904
- *Sifuentes v. Christian Brothers Automotive*, Case No. 1:21-cv-00740
- *Sifuentes v. Speedrack Products Group, LTD.*, Case No. 1:23-cv-00924

Judicial notice of these facts is relevant to Plaintiff-Appellant's arguments regarding non-frivolousness for IFP status, the alleged systemic failure to comply with FRCP 73(b) notice requirements, voidness under FRCP 60(b)(4), and the requested relief.

## III. ARGUMENTS SUPPORTING NON-FRIVOLOUSNESS FOR IFP STATUS & BASIS FOR VACATUR

### A. The Failure to Provide Mandatory FRCP 73(b) Notice Presents Non-Frivolous Issues and Grounds for Vacatur.

1. FRCP 73(b)(1) explicitly requires the clerk to notify the parties in writing of their opportunity to consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). This notice is a mandatory procedural safeguard. *See Roell v. Withrow*, 538 U.S. 580, 587 n.5 (2003).
2. The underlying District Court docket in this matter, upon information and belief subject to judicial notice, lacks any indication that the Clerk fulfilled this mandatory notice requirement, despite the case potentially involving referral or consideration of magistrate judge involvement. Plaintiff-Appellant explicitly raised this issue regarding denial of due process and the required form in his statement of issues.
3. Failure to provide this notice constitutes a fundamental procedural defect potentially impacting the validity of subsequent proceedings and the judgment. This presents a non-frivolous issue for IFP purposes and grounds for vacatur.

**B. Lack of Proper Notice/Consent Procedures Raises a Non-Frivolous Challenge to Jurisdiction and Validity Under FRCP 60(b)(4).**

1. Valid consent is the cornerstone of magistrate judge jurisdiction for dispositive matters under 28 U.S.C. § 636(c). *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015).
2. While the final order may have been signed by a District Judge, the alleged failure to follow the mandatory FRCP 73(b)(1) notice procedure regarding magistrate judge consent raises fundamental questions about the integrity of the proceedings and whether jurisdiction was properly established and maintained consistent with due process.
3. A judgment is void under FRCP 60(b)(4) if the court lacked jurisdiction or entered the judgment inconsistent with due process. Arguably, failing to adhere to the explicit procedural requirements designed to ensure voluntary and informed consent (or declination) taints the proceedings, potentially rendering subsequent dispositive orders void. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("A void judgment is one which, from its inception, was a complete nullity and without legal effect.").
4. This forms an arguable, non-frivolous basis for relief under FRCP 60(b)(4).

**C. Challenges to Void Judgments Are Not Subject to Time Limits and Cannot Be Waived.**

1. Challenges under FRCP 60(b)(4) asserting a judgment is void are not subject to the typical time limits of FRCP 60(c) and defects rendering a judgment void cannot be waived. "A void judgment is a legal nullity and a court must vacate it." *Howard v. Pool*, 71 F. App'x 481, 482 (6th Cir. 2003) (unpublished); *see also Kontrick v. Ryan*, 540 U.S. 443, 455 n.9 (2004).

**D. The Imposition and Maintenance of Filing Restrictions Presents a Non-Frivolous Issue.**

1. The potential imposition or maintenance of filing restrictions against Plaintiff-Appellant, particularly if predicated on potentially void judgments, raises non-frivolous issues regarding access to the courts. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff-Appellant raised this as issue 4 in his IFP Application.

## IV. MOTION TO VACATE JUDGMENT (APPEAL NO. 25-1229) AND RELATED CASES AS VOID

Based on the arguments above, Plaintiff-Appellant moves this Court pursuant to FRCP 60(b)(4) and its inherent authority to address void judgments, to vacate the final judgment/dispositive order of the District Court underlying this appeal (No. 25-1229) as void ab initio due to the fundamental procedural defect stemming from the District Court's apparent failure to comply with the mandatory notice requirement of FRCP 73(b)(1).

Furthermore, Plaintiff-Appellant moves this Court to vacate the final judgments and/or dispositive orders in all the related cases listed in Section II(B) where judicial notice reveals the same fundamental defect. The failure to provide the mandatory FRCP 73(b)(1) notice appears systematically across these related cases involving Plaintiff-Appellant. Because this fundamental defect renders the resulting judgments potentially void, *see Antoine*, 66 F.3d at 108, relief should extend to all identified cases suffering from this identical flaw. Given the systemic nature of this alleged defect, Plaintiff-Appellant requests this Court address this issue comprehensively as is "just under the circumstances" (referencing 28 U.S.C. § 2106).

## V. CONCLUSION

Plaintiff-Appellant's case presents non-frivolous legal arguments based on the District Court's apparent failure to comply with FRCP 73(b), the potential voidness of the resulting judgment due to this fundamental procedural defect, the non-waivability of such defects, and the validity of any associated filing restrictions. These issues have an arguable basis in law and fact. Combined with his demonstrated indigence, Plaintiff-Appellant meets the requirements for proceeding IFP. Plaintiff-Appellant further requests the Court take judicial notice as specified and vacate the judgment in the underlying case and the listed related cases as void.

**WHEREFORE**, Plaintiff-Appellant David Angel Sifuentes III respectfully requests this Honorable Court:

1. **GRANT** his Application to Proceed In Forma Pauperis on appeal;
2. **TAKE JUDICIAL NOTICE** as requested in Section II; and

6

3. **VACATE** the judgment and/or dispositive orders in the underlying case giving rise to Appeal No. 25-1229, and initiate review to vacate judgments in all related cases listed in Section II(B) shown to suffer the same defect, as void ab initio.

Respectfully submitted,
_____
David Angel Sifuentes III
Plaintiff-Appellant, Pro Se
439 More St. NE, Unit 2
Grand Rapids, MI 49503
(616) 283-5215

DATED: April 29, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on the date this Motion is provided to the clerk will be electronically filed by the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit via the CM/ECF system, notice of this filing will be sent by the CM/ECF system to all counsel of record. Consistent with the notice provided in Case No. 25-1229, Document 5-2, counsel for Defendant-Appellee includes Ann E. Filkins and Justin David Flamm.

_____
David Angel Sifuentes III